**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| YANQUI XUE | § |
| | § |
| v. | § Case No. 6:12-cv-566 |
| | § |
| TRACY TARANGO, ET AL. | § |

## MEMORANDUM OPINION

On September 27, 2013, the Court issued a Preliminary Order (Doc. No. 16), which GRANTED Defendants' Motion to Dismiss and Dismissed Plaintiff's claims without prejudice. The Court now issues this memorandum opinion.

In this immigration case, Plaintiff Xanqui Xue (Xue) seeks review of the United States Citizenship and Immigration Services's denial of her naturalization application. In their motion to dismiss, Defendants[1] challenge the Court's subject matter jurisdiction. Defendants argue that a provision in the immigration statute limits the Court's authority to consider Xue's pending naturalization application while removal proceedings are pending against her. Xue counters that Defendants misapply the law.

Having considered the parties' arguments and the applicable law, the Court finds that the immigration statute grants the Court subject matter jurisdiction over Xue's claims. But after a sua sponte review of the *constitutional limits* to the Court's jurisdiction, the Court finds Xue's claims are not justiciable under Article III of the United States Constitution and, therefore, are DISMISSED.

## I. BACKGROUND

Xue became a lawful permanent resident of the United States after her mother married a

---

[1] Tracy Tarango, Field Office Director, Dallas District Office; Alejandro Mayorkas, Director, U.S. Citizenship and Immigration Services; and Janet Napolitano, Secretary, Department of Homeland Security (collectively, "Defendants").

United States citizen. But Xue's mother was later ordered removed from the United States when her marriage was determined to be a fraud.

After her mother was deported, Xue submitted a naturalization application to United States Citizenship and Immigration Services (USCIS). Xue completed an interview with an immigration services officer, who told Xue that she passed all of the required citizenship tests and would be notified by mail of the oath ceremony.

Instead, USCIS denied Xue's naturalization application. Xue was served with both a denial of her application and a notice to appear in immigration court. The denial and notice alleged that Xue's lawful permanent resident status was tied to her mother's fraudulent marriage and ordered Xue to appear for removal proceedings. Finding that USCIS cannot consider a naturalization application while removal proceedings are pending, USCIS also denied Xue's application for citizenship.

In this appeal, Xue asks the Court to find that USCIS improperly denied her naturalization application and to declare her eligible for citizenship. Defendants argue that the Court lacks jurisdiction to consider Xue's request.

## II. STANDARD OF REVIEW

### A. Rule 12(b)(1)

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)). Dismissal for lack of subject matter jurisdiction may be based upon: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts

plus the court's resolution of disputed facts." *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996) (quoting *Voluntary Purchasing Grps., Inc. v. Reilly*, 889 F.2d 1380, 1384 (5th Cir. 1989)).

Under Rule 12(b)(1), the party asserting jurisdiction bears the burden of proof. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Ultimately, the burden of establishing jurisdiction rests with the plaintiff. *Id*. But a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove a plausible set of facts to establish subject matter jurisdiction. *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008).

### III. DISCUSSION

#### A. Appellate Jurisdiction under the Immigration Statute

Federal courts are courts of limited jurisdiction and have only the power authorized them by Congress. *Chair King, Inc. v. Hous. Cellular Corp.,* 131 F.3d 507, 509 (5th Cir. 1997). Pursuant to 8 U.S.C. § 1421, federal district courts have subject matter jurisdiction to review a naturalization application denied by USCIS. But Defendants argue that—like USCIS—the Court has no authority to consider Xue's naturalization application while removal proceedings are pending. Xue argues that Defendants misapply the immigration statute and the case law.

The parties do not dispute that § 1421 grants the Court jurisdiction to review USCIS's decision. But another provision of the statute, 8 U.S.C. § 1429, prohibits *USCIS* from considering a naturalization application once removal proceedings begin. *Zayed v. United States*, 368 F.3d 902, 906 (6th Cir. 2004). Defendants argue that § 1429 similarly limits the *Court's*

authority to act on Xue's appeal.[2]

Defendants rely heavily on the Fifth Circuit's opinion in *Saba-Bakare v. Chertoff*, 507 F.3d 337 (5th Cir. 2007). In *Saba-Bakare*, the appellate court determined that USCIS's order was invalid because USCIS improperly considered the merits of the appellant's naturalization application decision after removal proceedings had begun. *See id.* at 340. But the Fifth Circuit did not hold that § 1429 directly deprived the district court of jurisdiction. *See id.* Instead, the court found that the invalid USCIS order did not confer § 1421 jurisdiction on the district court. *See id.* Furthermore, courts—including this Court—have determined § 1429 only restricts USCIS's authority and does not affect the district court's jurisdiction under the immigration statue. *See, e.g.*, *Trujillo v. Barrows,* No. 6:06-CV-203, 2006 WL 3759903, at *2 (E.D. Tex. Nov. 8, 2006) (noting that "[§] 1421(c) clearly vests jurisdiction in *district courts*" whereas § 1429 "clearly limit[s] the authority of the *Attorney General* to act"); *Awe v. Napolitano*, 494 F. App'x 860, 865–66 (10th Cir. 2012); *Esomo v. Barrows*, 3:07-CV-1814-K, 2008 WL 3172779, at *3 (N.D. Tex. July 25, 2008).

Unlike in *Saba-Bakare,* USCIS never issued a ruling on the merits as to Xue, so the validity of USCIS's decision is not in question. Instead, USCIS denied Xue's application under the procedural restriction established in § 1429: that USCIS had no authority to consider her naturalization application because removal proceedings were ongoing. Because USCIS did not consider the merits of Xue's application, *Saba-Bakare* is inapplicable. Thus, as this Court has previously found, it has jurisdiction to consider the Xue's claims under § 1421. *See Trujillo*, 2006 WL 3759903, at *2.

---

[2] Congress passed § 1429 to end the "race between the alien to gain citizenship and the Attorney General to deport him." *See Shomberg v. United States*, 348 U.S. 540, 544 (1980) (discussing the predecessor to §1429). Section 1429 is known as the "priority provision" because it prioritizes removal proceedings by delaying the Attorney General's consideration of a naturalization application until after any pending removal proceedings are completed. *See id.* at 543–44.

But the Court perceives another issue in its exercise of jurisdiction that is not raised by the parties: whether the issue is moot due to the pending removal proceedings. *See Goldin v. Bartholow*, 116 F.3d 710, 714–15 (5th Cir. 1999) (holding that federal courts "are obligated to address issues of jurisdiction, including mootness, prior to addressing the merits"). The Court must have a statutory basis for jurisdiction, but the Court's exercise of jurisdiction also must be authorized under Article III of the United States Constitution. *See id.* Among these requirements, the claims must not be moot. *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000). For the reasons discussed below, the Court dismisses Xue's claims as moot.

Constitutional standing analysis has three irreducible components and several prudential considerations. The irreducible components are injury in fact, causation, and redressability. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Mootness analysis is a prudential consideration that addresses the situation where a change in circumstances occurs that precludes the ability of a court to award any effective relief. *See Church of Scientology v. United States*, 506 U.S. 9, 13 (1992). When circumstances become such that a court cannot award effective relief, "any opinion as to the legality of the challenged action would be advisory." *City of Erie*, 529 U.S. at 287.

Review of a USCIS decision under § 1421 becomes moot once removal proceedings commence. *Awe*, 494 F. App'x at 866. USCIS cannot consider—or reconsider—the naturalization application while removal proceedings are pending. 8 U.S.C. § 1429. This deprives the Court of any effective remedy, rendering the claim moot. *Awe*, 494 F. App'x at 865–66.

It is undisputed that removal proceedings commenced no later than October 12, 2012,[3] when the notice to appear at the removal proceedings was filed with the Dallas immigration court. Thus, regardless of whether USCIS correctly denied Xue's naturalization application, the Court cannot now order the USCIS to reconsider. Because the Court cannot afford effective relief, Xue's requested review of the USCIS decision is moot.

Because Xue's request for review of the USCIS decision is moot, the Court lacks jurisdiction under Article III's case or controversy requirement. Accordingly, the Court DISMISSES Xue's request for review.

### B. Declaratory Judgment

Xue also seeks a declaratory judgment that she is eligible for naturalization. She argues that the Declaratory Judgment Act, 28 U.S.C. § 2201, provides the Court with authority to declare her eligible for naturalization. But the Fifth Circuit has expressly rejected that argument. *Saba-Bakare*, 507 F.3d at 340–41 ("[O]nly an affirmative communication from USCIS may establish prima facie eligibility."). Thus, the Court has no authority to grant Xue declaratory relief and such a ruling would be an advisory opinion in violation of Article III. *See Ka Lok Lau v. Holder*, 880 F. Supp. 2d 276, 281 (D. Mass. 2012) (citing *Hayburn's Case*, 2 U.S. 408, 2 Dall. 409 (1792). Accordingly, Xue's request for a declaratory judgment is DISMISSED.

---

[3] USCIS filed a copy of Xue's notice to appear in the Dallas immigration court on October 12, 2012—*after* USCIS issued its opinion and months after Plaintiff appealed to this Court. Xue argues that removal proceedings commenced against her at that time. USCIS counters that removal proceedings commenced on November 11, 2011, when Xue was served with the notice to appear. Although the relevant regulation supports Xue's position, the Court does not reach this issue. 8 C.F.R. § 1239.1(a). Under either date, the Court would lack jurisdiction. *See Esomo*, 2008 WL 3172779, at *3–4.

## IV. CONCLUSION

For the above stated reasons, the Court finds that Xue's claims are not justiciable. Thus, the Court lacks jurisdiction under Article III of the United States Constitution. Accordingly, the Court DISMISSES the claims without prejudice.

**SIGNED this 7th day of February, 2014.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE